UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MANUEL MIRELES III, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:10 CV 221 |
|  | ) |  |
| BLACKFORD COUNTY | ) |  |
| PROSECUTORS OFFICE, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Manuel Mireles III, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE # 7.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under

color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Mireles alleges that on March 19, 2010, he appeared before a judge in Blackford County Superior Court, who set bail in the amount of $10,000 for a felony theft charge pending against him. He is suing the Blackford County Prosecutor's Office and two prosecutors employed by that office, alleging that they violated his right to be free from excessive bail. He seeks an award of $750,000 for "pain and suffering." (DE # 7 at 5.)

Prosecutors do not actually set bail, but to the extent Mireles is suing the prosecutors for their role in arguing the state's position on the matter of bail, they are immune from suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Accordingly, this suit must be dismissed.

For these reasons, the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: September 9, 2010

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT